# Richmond

## WILLIAM H. McDOWELL v. CITY OF PORTSMOUTH.

November 19, 1945.

Record No. 2970.

Present, All the Justices.

The opinion states the case.

*Louis B. Fine* and *Leo P. Blair*, for the plaintiff in error.

*Preston P. Taylor*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This was an action at law, instituted by a notice of motion for judgment to recover damages for personal injuries and property losses growing out of an automobile accident which happened at or near the city of Portsmouth, Virginia, on January 8, 1944.

The parties will be referred to as they were related in the trial court. The plaintiff, William H. McDowell, was an employee at the Norfolk Navy Yard and was driving his automobile from his place of occupation in the city toward Highland Park. The defendant, the city of Portsmouth, was operating its truck from a dump back to the city. Three of its employees were riding in the truck on the front seat. They were all Negro men and had been in the employ of the city for some time.

The accident occurred between six and seven o'clock in the evening. It was snowing, which caused the road to be

slippery and interfered somewhat with one's vision. The automobile and the truck were going in opposite directions and when they approached a curve in the roadway the vehicles collided. The resulting damages would indicate that both were traveling at a reasonable rate of speed. McDowell, the plaintiff, was painfully but not seriously or permanently injured. He was confined to a hospital for some two weeks and was thereafter intermittently treated by his physician for a sprained back and contusions and abrasions.

As to which was at fault is a question about which the evidence is in conflict. The plaintiff claimed damages to his automobile, loss of salary and medical and nursing attention in the aggregate sum of $638.59. The amount asked in the notice of motion was $5,000. The jury rendered a verdict for the plaintiff for $500.

The defendant conceded that there was sufficient evidence to sustain the verdict, though it made a formal motion to set it aside, which was overruled.

The plaintiff moved the court to set aside the verdict on account of the alleged inadequacy of the sum arrived at by the jury and grant a new trial only as to that issue. The court overruled the motion and sustained the verdict.

The defendant takes the position that the judgment of the trial court should not be disturbed.

A careful examination of the evidence brings us to the conclusion that the plaintiff has, indeed, fared well. The preponderance on the question of liability is decidedly with the defendant, and the plaintiff's testimony as to the damages he sustained is not satisfactory, certainly in part, in that it is indefinite and inexact as to certain items. Doubtless the amount of the verdict reflects the jury's estimate in the particulars mentioned and it was for them to say.

A very enlightening case, and one which fortifies what we have said, is *Rawle* v. *McIlhenny*, 163 Va. 735, 744, 177 S. E. 214, 98 A. L. R. 930, in which it said:

"In Virginia, * * * courts have had the power and

been charged with the duty of setting aside, in proper cases, the verdict in an action for a personal tort, such as a physical injury to the body or slander, where the damages are either inadequate or excessive. But the rule has been, and still is, that a court will not disturb the verdict in such a case either because of its smallness or because of its largeness, unless, in the light of all the evidence, it is manifestly so inadequate or so excessive as to show very plainly that the verdict has resulted from one or both of two causes:

"(A) The misconduct of the jury, as for instance that the jury has permitted itself to be actuated by partiality, sympathy, bias, prejudice, passion or corruption, or has acted perversely, capriciously, or arbitrarily;

"(B) The jury's misconception of the merits of the case in so far as they relate to the amount of damages, if any, recoverable, as for instance, that it has taken into consideration improper items or elements of damage or has failed to take into consideration proper items or elements of damage, or that it has in some way misconstrued or misinterpreted the facts or the law which should have guided it to a just conclusion as to the amount of the damages, if any, recoverable.

\*　　　\*　　　\*　　　\*　　　\*　　　\*

"But the right of a plaintiff to have a verdict in his favor set aside, *over the objection of the defendant,* on the ground of inadequacy, does not depend solely upon the evidence bearing upon the damage he has suffered. Both the apparent cause for the return of an inadequate verdict and the state of the evidence relative to the liability of the defendant have an important, and to a considerable extent interacting, bearing upon the plaintiff's right to have the verdict set aside."

The opinion then relates five classes of cases which turn upon the state of the evidence relating to the liability of the defendant. The third of these is thus stated:

"Cases in which clearly the decided preponderance of the evidence is against the right of the plaintiff to re-

cover, though there is sufficient evidence to support a finding by the jury that the defendant is liable.

"In such cases it is generally held that the court will refuse to set aside the verdict for inadequacy."

This is the case here. We affirm the judgment of the trial court.

*Affirmed.*